Suzy C. Moore, Esq., SBN151502
LAW OFFICES OF SUZY C. MOORE
4730 Third Street, Suite B
La Mesa, CA 91941
Phone: (619) 469-9490\
Facsimile: (619) 469-9419
E-mail: suzymoore@lawyer.com

Attorney for Plaintiff DEBBIE TUCKER

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE TUCKER<br><br>    Plaintiff<br><br>    v.<br><br>CVS PHARMACY, INC., a corporation; AMY COOK, an individual; RAY MABUS, SECRETARY OF THE NAVY; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case Number: **'12CV0269 JLS BLM**<br><br>COMPLAINT FOR DAMAGES; EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL<br><br><br>Case Filed: _____ |

Plaintiff DEBBIE TUCKER, files this Complaint for Damages in excess of the jurisdictional limits of this Court and hereby demands a trial by jury.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

1.    DEBBIE TUCKER, (hereinafter "Ms. Tucker" or "Plaintiff") is, and at all times herein mentioned, was employed as a Human Resources Assistant as a competitive service employee for the Department of the Navy and was residing in the County of San Diego, in the State of California, and as such is within the jurisdiction of the above-entitled Court at all relevant times mentioned herein.

2.    Plaintiff is informed and believes, and based thereupon alleges, that Defendant CVS PHARMACY, INC., (hereinafter "Defendant" or "CVS"), is, and at all times relevant

1
COMPLAINT FOR DAMAGES; EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

hereto was, a corporation organized and existing under the laws of the State of California and situated in the County of San Diego.

3. Plaintiff is informed and believes, and based thereupon alleges, that Defendant AMY COOK, (hereinafter "Defendant" or "COOK"), is, and at all times relevant hereto was, an individual employed by CVS as a Pharmacist and who resided in the City of San Diego, in the County of San Diego, State of California.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendant RAY MABUS, SECRETARY OF THE NAVY is, and at all times relevant hereto was, the Secretary of the United States Navy and is a proper Defendant as Plaintiff was employed as a probationary competitive service employee of the United States Navy, at the time the relevant events occurred.

5. This is a Civil Action for damages brought pursuant to 42 U.S.C. §1983 for violation of Plaintiff's First Amendment Rights. Plaintiff is seeking equitable relief against Defendant RAY MABUS, SECRETARY OF THE NAVY, and general, special and punitive damages against Defendants CVS PHARMACY, INC., and AMY COOK.

6. The claims alleged herein arose in the City of San Diego, which is located in the County of San Diego, State of California. Venue of this action lies in the United States District Court for the Southern District of California. 28 U.S.C. § 1391 (b)(2).

7. Plaintiff brings this action against Defendants for (1) Invasion of Privacy against CVS and COOK; (2) Intentional Interference with Economic Advantage against CVS and COOK; (3) Negligent Interference with Economic Advantage against CVS and COOK; (4) Intentional Infliction of Emotional Distress against CVS and COOK; (5) Negligent Infliction of Emotional Distress against CVS and COOK; and (6) Violation of 42 U.S.C. §1983 for Violation of Plaintiff's First Amendment Right of Free Speech against RAY MABUS, SECRETARY OF THE NAVY.

8. Plaintiff is informed and believes and based thereupon alleges, (unless otherwise alleged in this Complaint), that at all relevant times herein, Defendants and DOES 1 - 20 were the agents, employees and/or servants, masters or employers of each other and of the remaining

COMPLAINT FOR DAMAGES; EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

DOES 1 - 20, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 - 20, inclusive, are unknown to Plaintiff, who therefore sue the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

10. On February 2, 2011, Plaintiff filed her initial appeal for the termination of her employment based upon the violation of her First Amendment right to free speech with the Merit System Protection Board. Plaintiff's appeal further states that Defendants RAY MABUS, SECRETARY OF THE NAVY, committed a prohibited personnel action by "soliciting or considering employment recommendations not based on the individual's work performance, ability, aptitude, general qualifications, suitability, character or loyalty."

11. On February 4, 2011, the DEPARTMENT OF THE NAVY, acknowledged receipt of Plaintiff's appeal of her termination, informing her that probationary employees, such as the Plaintiff, do not qualify as an employee with appeal rights under 5 U.S.C. Chapter 75.

12. On February 24, 2011, the DEPARTMENT OF THE NAVY filed a Motion to Dismiss, alleging that Plaintiff was a probationary employee and therefore not entitled to the protections of Merit System Protection Board since she had less than one full year of service.

13. On May 19, 2011, the Merit System Protection Board, Western Regional Office, dismissed Plaintiff's appeal on the grounds that Plaintiff was not a permanent employee and, therefore, was not subject to the protections of the Merit System Protection Board. The Administrative Law Judge specifically stated, "Regarding the appellant's claim of prohibited personnel practices, the Board does not have jurisdiction over such claims absent an otherwise appealable action."

14. On June 21, 2011, Plaintiff submitted a Petition for Review requesting a review of the decision by the Merit System Protection Board that she was not entitled to have her

termination reviewed by the Board.

15. On July 14, 2011, the DEPARTMENT OF THE NAVY submitted their Reply to Plaintiff's Petition for Review and again argued that Plaintiff was not entitled to the protections of the Merit System Protection Board because Plaintiff was not a permanent employee at the time of her termination.

16. On January 6, 2012, the Merit Systems Protection Board issued a Final Order stating that there was no new, previously unavailable, evidence and that the administrative law judge made no error in law or regulation that affects the outcome.

17. Pursuant to *American Federation of Government Employees Local 1 v. Stone* (9th Cir. 2007) 502 F.3d 1027, Plaintiff brings her action against Defendants RAY MABUS, SECRETARY OF THE NAVY for equitable relief for violation of her First Amendment right to free speech. Plaintiff has no remedy available other than to seek equitable relief via this judicial forum as the Merit System Protection Board has already ruled that Plaintiff is not an "employee" subject to the protections of the Board because she was still in her probationary period. Plaintiff seeks reinstatement to her position as a Human Resources Assistant with the Department of the Navy.

## STATEMENT OF FACTS

18. Plaintiff realleges paragraphs 1 through 17 and incorporates them as though fully set forth herein.

19. On February 16, 2010, Plaintiff became employed as a competitive service employee for the Department of the Navy as a Human Resources Assistant. In order to become a permanent employee of the federal government, Plaintiff had to pass a competitive service one-year probationary period, which would have ended on February 16, 2011. From the inception of Plaintiff's employment, she performed her duties in an exemplary manner and she received a raise and accolades for her performance.

20. Approximately one month prior to her passing her one year promotion, Plaintiff was faced with an unfortunate series of events which caused extreme damage to her career and resulted in the loss of her employment.

COMPLAINT FOR DAMAGES; EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

21. On January 4, 2011, while the Plaintiff was on a break from work, she entered the CVS Pharmacy located in the same building as her office in the Department of the Navy to purchase vitamins. As Plaintiff entered the store, she observed pharmacist, Defendant AMY COOK, verbally abusing an elderly male customer in his nineties who was requesting some water to take his medication. Defendant COOK was engaging in an intimidating and threatening manner toward the elderly customer which Plaintiff perceived to be humiliating and abusive.

22. Plaintiff and another customer intervened and Plaintiff in the exercise of her First Amendment rights requested Defendant COOK to get the elderly man some water and to stop abusing him. Plaintiff speech related to matters of public concern regarding elder abuse. Defendant COOK called security. When the security guard arrived, Defendant COOK misrepresented the facts to the security guard and falsely reported that the elderly man was "causing problems" and threatening her.

23. At this time, Plaintiff provided information which accurately reflected the incident and calmly explained that the elderly man had just asked for a drink of water to take his medication. In response, Defendant COOK told the Plaintiff to "shut up" and that it was none of her business. Plaintiff once again invoked her First Amendment rights and informed Defendant COOK that she should not be treating customers the way she was and should not be abusing an elderly man. Plaintiff paid for her vitamins by check and returned to work.

24. Approximately one week later, on January 12, 2011, Plaintiff questioned by Brandon Flores', of the Department of the Navy, and was accused of being involved in an incident with a CVS Pharmacy employee. Plaintiff explained that she had asserted her First Amendment rights to speak out against the abuse of an elderly gentleman by the pharmacist, Defendant COOK, who she had witnessed verbally threatening an elderly gentleman who had simply requested water for his medication and had security called on him.

25. At this time, Plaintiff became aware from Mr. Flores that Defendant COOK had obtained her name and other identifying information from the check she had used when she paid for vitamins at the pharmacy.

26. When Plaintiff left the meeting, she immediately telephoned the Customer Relations Department of Defendant CVS and left a detailed message with District Manager, Isabella Perlis, describing the incident and her concern that an employee had improperly accessed her personal information and had contacted her employer with a false report.

27. Thereafter, Plaintiff was approached by a security guard at her place of employment and questioned as to whether she had threatened the Pharmacist, Defendant COOK. Plaintiff emphatically denied this allegation and again explained the incident involving the elderly gentleman where she had spoken in his defense. Plaintiff asked how Defendant COOK had obtained her information and it was confirmed that Defendant COOK had admitted that she had obtained Plaintiff's information from her personal check.

28. Plaintiff also spoke with the District Manager for Defendant CVS, Isabella Perlis, who informed her that Defendant COOK had been terminated as a result of obtaining Plaintiff's personal information from her check. Ms. Perlis further offered Plaintiff a gift card in apology for Defendant COOK's actions.

29. On February 2, 2011, Plaintiff met with her supervisor, Edgar Renales, regarding the incident at CVS and was told that he was upset that the Security Guard for GMI had entered their facility without being escorted and that Plaintiff had failed to inform him as to the reason for the interview.

30. On February 2, 2011, later in the day, Plaintiff was called into a meeting with Mr. Renales and Labor Representative Tony Tomlinson and told that she was being terminated due to the incident at CVS. The termination letter provided to Plaintiff states, "Specifically, your verbal altercation with a CVS employee on 4 January, 2011 created a burden on our staff and adversely affected the efficiency of the center. Further, your behavior reflected poorly upon the Human Resources Service Center, Southwest and the Department of the Navy." Plaintiff is informed and believes that the real reason for her termination was in retaliation for her exercising her right to free speech regarding a matter of public concern in defending against elder abuse.

///

31. Plaintiff appealed her termination through the Merit System Protection Board. However, because Plaintiff was a probationary employee, the Merit System Protection Board rejected Plaintiff's claim for lack of jurisdiction.

32. Plaintiff is informed and believes that Defendants, and each of them, are responsible for the Plaintiff's termination by fraudulently obtaining Plaintiff's personal information, falsely reporting to Plaintiff's employers that she had threatened Defendant COOK and/or engaged in a verbal altercation with Defendant COOK. Were it not for the actions of Defendant COOK as an employee of CVS, Plaintiff would have remained employed through the end of her probationary period on February 16, 2011. Plaintiff was terminated 14 days before her probationary period ended, which would have provided her the opportunity to appeal her termination before the Merit System Protection Board and permitted her to prove the actions of the Defendants were illegal.

## DAMAGES

33. As a result of the acts and omissions alleged herein the Plaintiff has sustained and will continue to sustain substantial loss of earnings, promotions, bonuses and benefits. In addition, Plaintiff has suffered and will continue to suffer damage to her career and reputation in an amount to be determined according to proof.

34. As a further result of the acts and omissions alleged herein, the Plaintiff has suffered and continues to suffer humiliation, fear, embarrassment, emotional anguish and extreme emotional distress in an amount to be determined according to proof.

35. The wrongful conduct of Defendants, and each of them, and their agents and employees, and each of them, was intentional, willful, despicable, with the malicious purpose of oppressing Plaintiff's mental and emotional well being and was carried on by Defendants in conscious disregard for Plaintiff's legal rights. Defendants, and each of them, were aware of the probable dangerous consequences of their conduct and willfully and deliberately failed to avoid those consequences. The conduct of Defendants, and each of them, therefore constitutes malice, oppression, or fraud such that Plaintiff is entitled to punitive or exemplary damages by way of example and to discourage similar malicious, oppressive, or fraudulent

conduct by each of the Defendants.

## FIRST CLAIM FOR RELIEF

## INVASION OF PRIVACY AGAINST DEFENDANTS COOK AND CVS

36. Plaintiff realleges paragraphs 1 through 35, and incorporates the same by reference as though fully set forth herein.

37. The California Constitution includes privacy among the "inalienable rights" of all people. This provision applies to private conduct and confers a judicial right of action. *Porten v. University of San Francisco* (1976) 64 Cal.App.3d 825.

38. Defendants, by and through the actions of Defendant COOK, CVS, GMI and others, without Plaintiff's consent, invaded Plaintiff's right to privacy by intruding upon the solitude and seclusion of Plaintiff's private affairs concerning her personal information in order to falsely report to Plaintiff's employer that Plaintiff had engaged in a verbal altercation with Defendant COOK, causing Plaintiff to be terminated.

39. This intrusion encroached into a matter of Plaintiff's personal information, which she had a right to keep private and was done by a means which was objectionable to any reasonable person.

40. This invasion of Plaintiff's privacy was offensive and objectionable to Plaintiff and to a reasonable person of ordinary sensibilities. A reasonable person of ordinary sensibilities would be offended by the intrusion by obtaining Plaintiff's private information from her personal check and then disclosing information to the Plaintiff' employer regarding Plaintiff's alleged conduct which they knew to be false.

41. Defendants, and each of them, acted with reckless disregard for the fact that a reasonable person of ordinary sensibilities would find this invasion highly offensive.

42. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was exposed to contempt and the loss of reputation and standing in the community, all of which caused Plaintiff humiliation, severe depression, anxiety, emotional distress and other incidental and consequential damages, in an amount according to proof at trial.

///

43. The conduct of Defendants, and each of them, was despicable, contemptible and loathsome, carried on with a willful and conscious disregard for Plaintiff's rights and when Defendants, and each of them, were aware of the possible harmful consequences of such conduct. Defendants, and each of them, wilfully and deliberately failed to avoid these consequences and subjected Plaintiff to cruel and unjust hardships. Ordinary decent people would despise the conduct of Defendants, and each of them. This conduct entitles Plaintiff to an award of punitive damages under California Civil Code Section 3294, for the sake of example and by way of punishment, in an amount which will have a deterrent effect on Defendants and each of them in light of each defendant's financial condition.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE AGAINST DEFENDANTS COOK AND CVS

44. Plaintiff realleges paragraphs 1 through 43, and incorporates the same by reference as though fully set forth herein.

45. Defendant COOK's false accusations regarding Plaintiff's conduct, which was condoned and ratified by CVS, caused Plaintiff to lose her position with the Department of the Navy.

46. Since approximately February 16, 2010, Plaintiff had a prosperous career opportunity with the Department of the Navy for which she had the probability of future benefits. Plaintiff was approximately two weeks from passing her one year probationary period where she would be considered a permanent employee.

47. Defendants COOK and CVS, and each of them, knowingly and injuriously interfered in those prospective relationship by, among other things, falsely accusing Plaintiff of threatening Defendant COOK. Plaintiff is informed and believes that Defendants, and each of them, made defamatory statements to the Department of the Navy in order to interfere with her ability to be employed.

///

48. As a direct result of Defendants tortious actions and omissions, Plaintiff was damaged in an amount to be proven at trial. As a direct and foreseeable consequence of Defendants' interference, Plaintiff has suffered emotional distress and mental anguish and Plaintiff has suffered damage to her reputation in the industry.

49. Defendants actions were undertaken with fraud, malice, oppression or with a conscious disregard of the rights of the Plaintiff and, therefore, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF

**NEGLIGENT INTERFERENCE WITH ECONOMIC ADVANTAGE AGAINST DEFENDANTS CVS AND COOK**

50. Plaintiff realleges paragraphs 1 through 49, and incorporates the same by reference as though fully set forth herein.

51. Defendant COOK's false accusations regarding Plaintiff's conduct, which was condoned and ratified by CVS, caused Plaintiff to lose her position with the Department of the Navy.

52. Since approximately February 16, 2010, Plaintiff had a prosperous career opportunity with the Department of the Navy for which she had the probability of future benefits. Plaintiff was approximately two weeks from passing her one year probationary period where she would be considered a permanent employee.

53. Defendants, and each of them, had a duty of reasonable care not to interfere in her economic relationship by, among other things, falsely accusing Plaintiff of threatening Defendant COOK. Plaintiff is informed and believes however that Defendants had made defamatory statements regarding the Plaintiff in order to interfere with her ability to be employed.

54. As a direct result of Defendants tortious actions and omissions, Plaintiff was damaged in an amount to be proven at trial. As a direct and foreseeable consequence of Defendants' interference, Plaintiff has suffered emotional distress and mental anguish and

Plaintiff has suffered damage to her reputation in the industry.

55. Defendants actions were undertaken with fraud, malice, oppression or with a conscious disregard of the rights of the Plaintiff and, therefore, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS COOK AND CVS

56. Plaintiff realleges paragraphs 1 through 55, and incorporates the same by reference as though fully set forth herein.

57. The conduct set forth herein was extreme and outrageous and was an abuse of the authority and the position of Defendants, and each of them. Said conduct was intended to cause severe emotional distress, and was done in conscious disregard of the probability of causing such distress. This conduct as alleged herein violated fundamental civil rights of the Plaintiff and said conduct was outside normal business practices.

58. The acts of Defendants, and each of them, were purposeful and maliciously intended to interfere with Plaintiff's rights. Said acts were done with malice, oppression, fraud and in conscious and reckless disregard of Plaintiff's rights, and were carried out by each of said Defendants in a deliberate, cold, callous and intentional manner in order to damage Plaintiff.

WHEREFORE, Plaintiff requests relief as set forth herein.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS COOK AND CVS

59. Plaintiff realleges paragraphs 1 through 58, and incorporates the same by reference as though fully set forth herein.

60. The Defendants' conduct and each of them, as set forth herein was extreme and outrageous and was an abuse of the authority and the position of Defendants. Said conduct

was done negligently and was in conscious disregard of the probability of causing such distress.

61. The foregoing conduct did in fact cause Plaintiff to suffer severe emotional distress. As a proximate result of said conduct, Plaintiff has suffered and continues to suffer pain, discomfort, anxiety, humiliation and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SIXTH CLAIM FOR RELIEF

**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. §1983, VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH, AGAINST RAY MABUS, SECRETARY OF THE NAVY**

62. Plaintiff realleges paragraphs 1 through 61, and incorporates the same by reference as though fully set forth herein.

63. This is an action brought under 42 U.S.C. §1983 to obtain equitable relief for the reinstatement of the Plaintiff to her position of a competitive service employee for the Department of the Navy.

64. In criticizing the actions of the CVS pharmacist, Defendant COOK in abusing an elderly man who needed his medication, Plaintiff was engaged in the constitutionally protected activity of free speech.

65. Plaintiff's speech was related to matters of public concern regarding elder abuse.

66. The acts of Defendants in falsely accusing the Plaintiff and terminating her were motivated by the Plaintiff's constitutionally protected conduct.

67. Defendant's actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in such constitutionally protected activity.

68. Defendant's conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendant's position knew or should have known.

69. Defendant's acts were done under color of state and/or federal law.

///

70. Defendants engaged in the conduct described by this Complaint intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's federally protected constitutional rights.

71. Defendant's conduct proximately caused significant injuries, damages and losses to the Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### PRAYER FOR RELIEF AGAINST DEFENDANTS CVS AND COOK

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For compensatory damages according to proof;
2. For general damages and other special damages according to proof;
3. For costs and reasonable attorney's fees where permitted by statute;
4. For punitive damages where permitted by statute;
5. For prejudgment interest; and
6. For such other relief as the court may deem necessary and proper.

### PRAYER FOR RELIEF AGAINST RAY MABUS, SECRETARY OF THE NAVY

For an order requiring the Department of the Navy, and its agents, employees, successors in interest and each person acting in concert with them:

(a) To immediately and unconditionally place Plaintiff back to an available position she is qualified to fill at the same status, responsibility, level of pay and benefits she once had at the Department of the Navy.

(b) To immediately enforce rules and regulations applicable to employees, including supervisory personnel at all levels, making such persons subject to discipline, including termination, for retaliating against employees who invoke their First Amendment right to free speech.

(c) To maintain Plaintiff's personnel file in a good faith manner so as to reflect the true status of her experience, accomplishments and commendations and to expunge from her personnel file all negative documents generated as a result of her invoking her First Amendment right to free speech.

Dated: February 1, 2012                    LAW OFFICES OF SUZY C. MOORE

                                           BY:   /S/ Suzy C. Moore, Esq.
                                                 Suzy C. Moore
                                                 Attorney for Plaintiff
                                                 Suzymoore@lawyer.com

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEBBIE TUCKER

## DEFENDANTS
CVS PHARMACY, INC., a corporation; AMY COOK, an individual; RAY MABUS, SECRETARY OF THE NAVY

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Suzy C. Moore, 4730 Third St., Ste. B., La Mesa, CA 91941, (619) 469-9490

Attorneys (If Known)
Unknown

**'12CV0269 JLS BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Violation of Plaintiff's right to free speech, invasion of privacy, interference with economic adv.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 02/02/2012

SIGNATURE OF ATTORNEY OF RECORD: *[signature: Suzy C. Moore]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____